**MOONEY v. DE PUY. (No. 7046.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1923.)

**1. Appeal and error ⬳1069(1)—Discussion by jury of their own experiences held without injury.**

In action against contractor by subcontractor's employé for alleged negligence in furnishing a defective ladder, in view of the jury's answers that plaintiff was not directed to use the ladder, that no rung was insecurely fastened, that defendant was not negligent, and that plaintiff could have discovered the insecure condition, discussion by the jury as to their experiences respecting the custom among contractors in furnishing ladders was without injury.

**2. Negligence ⬳142—Findings held not inconsistent.**

In action against a general contractor for injuries to a subcontractor's employé, special findings that a ladder was not defective, and that defendant was not negligent in permitting a rung to be insecurely fastened, and that plaintiff could have known of the insecure condition of the ladder, *held* not inconsistent.

**3. Negligence ⬉142 — Finding that plaintiff sustained no damage construed.**

In action against a general contractor for injuries to a subcontractor's employé, a special finding that plaintiff sustained no damages, when reasonably construed, *held* to mean that he sustained no damages for which defendant was liable.

**4. Appeal and error ⬉882(14)—Plaintiff cannot complain of submission of his issue to jury.**

Where, in action for personal injuries, plaintiff alleged that defendant, his foreman and agent, negligently directed him to use a ladder while it was in a defective and insecure condition, he cannot complain of submission of such issue to the jury.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by W. J. Mooney against J. De Puy. Judgment for defendant and plaintiff appeals. Affirmed.

Arthur Wright, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellant.

W. B. Jack Ball, Taliaferro, Cunningham & Moursund, and Travis B. Moursund, all of San Antonio, for appellee.

FLY, C. J. This is a suit for damages instituted by appellant against appellee, and it was alleged that such damages arose from personal injuries inflicted on appellant through the negligence of appellee in furnishing to appellant a defective ladder on which appellant was prosecuting his labor on certain rain pipes or metal conductors of water. It was alleged that appellee was erecting a building as a general contractor, and that appellant was the employé of Boyd, a subcontractor; that the ladder was the property of appellee, and was being used by appellant under the express direction of his foreman, in conformity to a custom among general contractors to furnish ladders for the use of the employés of subcontractors. Appellee pleaded a general denial and contributory negligence. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered against appellant.

In answer to the special issues the jury found that it was not the custom for building contractors to furnish ladders for the employés of subcontractors; that the ladder used was the property of appellees; that appellee's foreman did not direct appellant to use the ladder in performing his labor; that a rung of the ladder was not insecurely fastened; that appellee was not negligent in connection with the ladder; that by the exercise of ordinary care appellant would have known of the insecure condition of the ladder, but that he was not negligent in so using it; that appellant did not fail to solder the heads and pipes while on the ground and attempt to finish the soldering after putting up the pipes; that appellant did not assume the risk of going on the defective ladder; and that appellant was not entitled to damages. The responses, except as to that in regard to assumption of risk, are supported by the facts.

[1] Assignments of error 1 and 2 present the question of the improper conduct of the jury as to the custom among contractors concerning the use of the ladders of the general contractor, and as to the kind of ladders used, and in listening to the experiences of some of the jurors relating to ladders in the jury room after the conclusion of the evidence, and which experiences tended to contradict the evidence. In view of the answer of the jury that the foreman of appellee did not direct appellant to use the ladder, as was alleged by him, and that no rung of the ladder was insecurely fastened, and that appellee was not negligent in connection therewith, and that appellant could by the exercise of ordinary care have discovered the insecure condition of the ladder, we fail to see how the conversation as to the custom of furnishing ladders for the employés of subcontractors could have injured appellant. Such conversation related only to a custom, which did not weaken or impair the findings enumerated. The first and second assignments of error are overruled, and we further hold that there is no merit in the third assignment of error.

[2] The jury did not find, as stated in the fourth assignment of error, that a rung of the ladder was not securely fastened, but that it was not "insecurely fastened": and it is not a well-founded assumption that the jury found in one part of the verdict that the ladder was defective and in another that it was not. The jury did not find the ladder to be defective, and there was no inconsistency in finding that the ladder was not defective and that appellee was not negligent in permitting the rung of the ladder to be insecurely fastened, and that appellant could have known of the insecure condition of the ladders. Those answers were predicated on the proposition that, if the ladder was defective, would appellee have been negligent, and would appellant be charged with negligence in not discovering the insecure condition of the ladder, if it had been insecure.

[3] The jury also found that appellant did not assume any risk of using the ladder, which is based on the finding that there was no insecurity about the ladder, and therefore appellant could not assume the risk of something which did not exist. A reasonable construction of the finding that appellant sustained no damages would be that appellant sustained no damages for which appellee

was liable. So far as appellee was concerned there were no damages.

There is abundant evidence to show that neither appellee nor his foreman authorized appellant to use the ladder from which he fell, but that the foreman endeavored to dissuade appellant from using a ladder patched up by him, and offered to let him have a strong, well-made ladder, which he refused. No one directed or consented to the use of the ladder from which appellant fell. The testimony strongly tended to show that it was not customary for ladders to be furnished by general contractors to the employés of subcontractors, and that no one directed appellant to use the ladder. The overwhelming testimony showed that appellee was not guilty of any negligence causing the injury to appellant.

[4] Appellant alleged that appellee, his foreman and agent, "negligently directed the plaintiff to use said ladder while it was in a defective and insecure condition," and yet objection is made to the submission of such issue to the jury. Of course, it cannot be sustained.

There is ample evidence to indicate an honest verdict for appellee upon ample evidence, and that any irregularity which may have occurred in the jury room did not affect the answers to issues.

The judgment will be affirmed.